UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                             Case No. 04-80791

v.                                                                Honorable John Corbett O'Meara

JOEL LAIRD,

      Defendant.
                                          /

## **OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR BOND**

This matter came before the court on defendant Joel Laird's February 13, 2008 motion for bond. The government filed a response February 14, 2008; and oral argument was heard March 19, 2008.

Defendant Laird and his co-defendant Michael Douglas were tried by a jury and found guilty on all counts[1] on November 18, 2006. Laird was sentenced March 14, 2006, to a period of 130 months' incarceration. Defendants appealed, and the United States Court of Appeals for the Sixth Circuit found that during *voir dire* Defendants' counsel were not allowed to question prospective jurors more fully about any experience with the drug business they or persons close to them may have had. The Sixth Circuit vacated the judgment and remanded the case to this court for a new trial on March 14, 2006.

Prior to and during the initial trial, defendant Laird was free on bond; he was also allowed to self-report following sentencing. He now argues that he should again be released on bond pending

---

[1] Laird was convicted of Possession with Intent to Distribute Crack Cocaine, Felon in Possession of a Firearm, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime.

the re-trial of his case before a new jury. Laird asserts that he presents neither a risk of flight nor a danger to the community; the government argues that he is both.

Pursuant to 18 U.S.C. § 3142(g), the court is to consider the following factors to determine whether there are conditions of release that will reasonably assure the defendant's appearance as required and the safety of any person or the community:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
> 
> (2) The weight of the evidence against the Defendant;
> 
> (3) The history and characteristics of the Defendant, including:
> 
>   (A) the Defendant's character; physical and mental condition; family ties; employment; financial resources; length of residence in the community; community ties; past conduct; history relating to drug or alcohol abuse; criminal history; record concerning appearance at court proceedings; and
> 
>   (B) whether, at the time of the current offense or arrest, the Defendant was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State, or local law; and
> 
> (4) The nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release.

The court finds that defendant Laird is now a higher flight risk and a greater danger to the community than he was before his initial trial. Laird again is charged with the same crimes as before, crimes of violence and crimes that involve a narcotic drug; however, this time the weight of the evidence is against the defendant, as a jury has found him guilty once before based upon the evidence presented by the government.

Furthermore, Defendant's criminal history reflects a pattern of violent crime, beginning with his first arrest and conviction at age 17 for Possession of Short Barreled Shotgun. He was later

arrested for bank robbery in an incident in which a sawed off shotgun was used by the other perpetrator when he demanded money from the teller. Laird also has a prior arrest for Carrying a Concealed Weapon.

Because Laird was convicted by evidence presented to a jury the first time, he now has a diminished hope of being found not guilty when the matter is re-tried. Facing re-sentencing of 130 months' incarceration, Defendant is a greater flight risk now than when he was on bond before the first trial. The aforementioned crimes of violence perpetrated by defendant Laird also indicate that he is a danger to the community.

Therefore, it is hereby **ORDERED** that defendant Joel Laird's February 13, 2008 motion for bond is **DENIED.**

                                                s/John Corbett O'Meara
                                                United States District Judge

Date: April 1, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, April 1, 2008, by electronic and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager